FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ 4 6 2006 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KINGVISION PAY-PER-VIEW, LTD.,
as Broadcast Licensee of the
November 13, 2004, Ruiz/Golota Program,

              Plaintiff,

-against-

SEGUNDO F. PENALOZA, Individually and as
officer, director, shareholder and/or principal of
El Llapingacho Ecuatoriano, Inc. d/b/a
El Llapingacho Ecuatoriano; and
EL LLAPINGACHO ECUATORIANO, INC.
d/b/a EL LLAPINGACHO ECUATORIANO,

             Defendants.
------------------------------------------------------------x

**MEMORANDUM and ORDER**

05-CV-1928 (SLT)

**TOWNES, United States District Judge:**

Plaintiff Kingvision Pay-Per-View, Ltd., is a franchised cable television operator which markets and licenses the commercial viewing of boxing events on a pay-per-view basis. In April 2004, plaintiff commenced this action by filing a complaint alleging that defendants intercepted the signal for a boxing event – the November 13, 2004, Ruiz/Golota Program – without authorization and showed it to patrons at El Llapingacho Ecuatoriano, a Queens restaurant seating approximately 40 persons. In January 2006, after defendants failed to answer or to move to dismiss the complaint, plaintiff moved for a default judgment. By order dated February 23, 2006, this Court referred plaintiff's motion to Magistrate Judge Joan M. Azrack for a report and recommendation.

In a report and recommendation dated and filed March 6, 2006, Judge Azrack recommended that this Court grant plaintiff's motion and that a judgment be entered against defendants, jointly and severally, in the amount of $13,962.50. *See Kingvision Pay-Per-View,*

*Ltd. v. Penaloza*, No. CV-05-1928 (SLT)(JMA), slip op. at 11 (E.D.N.Y. Mar. 6, 2006). Of that amount, $1,250.00 constituted statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i); $2,712.50 was awarded pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) for attorney's fees and costs. The remaining $10,000 was enhanced damages for the willful violation of 47 U.S.C. § 605(a).

On March 6, 2006, Judge Azrack disseminated her report and recommendation by uploading a copy onto ECF and by mailing copies to both defendants. That report and recommendation advised the parties that any objections had to be filed within ten (10) days of their receipt of the report, and that the failure to file objections within this time period would waive the right to appeal this Court's order. *See Penaloza*, slip op. at 11. Although the letter addressed to El Llapingacho Ecuatoriano, Inc., was subsequently returned to the Court as undeliverable, the letter to its principal, defendant Penaloza, was mailed to a separate address and has not been returned. This Court has not received any objections to the report and recommendation from any of the parties.

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy of thereof, a district court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection is made." Id. Upon *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Since defendants have not filed any objections to Judge Azrack's prompt and thorough report and recommendation, this Court need not engage in *de novo* review. *See Thomas*, 474 U.S. at 150. Nonetheless, this Court has reviewed the papers submitted by plaintiff in this case and the reasoning set forth in Judge Azrack's report and recommendation. This Court agrees with Judge Azrack's reasoning and concludes that her findings and recommendations are amply supported by the record.

## CONCLUSION

For the reasons stated above, this Court hereby accepts and adopts Judge Azrack's Report and Recommendation, dated March 6, 2006, in its entirety. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 31, 2006